UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID JIMERSON,

        Plaintiff,

    v.                                                   **DECISION AND ORDER**
                                                                     19-CV-545S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

    1.    Plaintiff David Jimerson brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his applications for supplemental security income and disability insurance benefits under Titles II and XVI of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

    2.    Plaintiff protectively filed his applications with the Social Security Administration on August 26, 2015. Plaintiff alleged disability beginning March 22, 2014, due to diabetes with diabetic neuropathy; bipolar disorder; lumbar spondylosis; and essential tremor (R.[1] at 85). Plaintiff's application(s) were denied, and he thereafter requested a hearing before an administrative law judge ("ALJ").

    3.    On January 8, and February 28, 2018, ALJ Lynette Gohr held a hearing at which Plaintiff—represented by counsel—and Vocational Expert Rachel Duchon appeared and testified. (R. at 97-142, 143-53, 82.) At the time of the hearing, Plaintiff was 49 years old, with a limited education, and had past relevant work as a chauffeur (medium exertion). (R. at 91.) The ALJ found that plaintiff could not perform his past

---

[1] Citations to the underlying administrative record are designated as "R."

relevant work due to the residual functional capacity to perform only light work (R. at 91, 86).

4. The ALJ considered the case *de novo* and, on April 18, 2018, issued a written decision denying Plaintiff's applications for benefits. After the Appeals Council denied Plaintiff's request to review the ALJ's decision, he filed the current action, challenging the Commissioner's final decision.[2] (Docket No. 1.)

5. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 11, 13.) Plaintiff filed a response on February 28, 2020 (Docket No. 14), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's Motion (Docket No. 11) is **granted**, and Defendant's Motion (Docket No. 13) is **denied**.

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] The ALJ's April 18, 2018, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review. R. at 1.

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-142 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age,

3

>education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460 (1983).

11. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 22, 2014. (R. at 84.) At step two, the ALJ found that Plaintiff has the following severe impairment: diabetes with diabetic neuropathy; bipolar disorder; lumbar spondylosis; and essential tremor. Id. at 85. Plaintiff also claims as severe impairments fibromyalgia (No. 11-1, Pl. Memo. at 1, 10-12), now arguing that the ALJ disregarded that ailment and failing to evaluate it properly under

SSR 12-2p (id. at 10-12). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 85-86.)

12. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work except plaintiff can occasionally climb stairs and ramps, but never climb ropes. Ladders, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally reach overhead and occasionally perform fingering and fine manipulation with the bilateral upper extremities; can frequently push and pull with bilateral upper extremities; can never perform overhead work with the bilateral upper extremities; can never work at unprotected heights or around dangerous machinery; can tolerate frequent interaction with supervisors, coworkers, and the public; and is limited to simple, routine tasks and simple work-related decisions.
(R. at 86.)

13. At step four, the ALJ found Plaintiff is unable to perform any past relevant work. (R. at 91.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; the vocational expert opined that a hypothetical claimant like Plaintiff with his RFC, age, education, and work experience could perform such light duty occupations as usher, counter clerk, or conveyor line bakery worker. (R. at 91-92.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 92.)

14. Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ failed to evaluate his fibromyalgia properly, the ALJ failed to reconcile according substantial weight to Dr. Michael Rosenberg but rendering an RFC

inconsistent with the doctor's opinion (No. 11-1, Pl. Memo. at 1, 10-12, 12-16).  He also argues that the mental RFC determination lacked substantial evidentiary support because it was based solely on impermissible common-sense judgment and not mental health opinions from the record (id., at 1, 16-12).  For the reasons that follow, this argument is **adopted in part**.

15.   As for impairments consideration at Step Two, Plaintiff bears the burden of establishing that he or she has a severe impairment, "which is 'any impairment or combination of impairments which significantly limits [the claimant's] ability to do basic work,'" Miller v. Berryhill, No. 16CV6467, 2017 U.S. Dist. LEXIS 153578, at *20 (W.D.N.Y. Sept. 20, 2017) (Telesca, J.); see 20 C.F.R. § 404.1520(c).  An impairment or combination of impairments found to be "not severe" when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work, SSR 85-28, 1985 SSR LEXIS 19 (1985).  In this Circuit, this Step Two severity analysis "may do no more than screen out de minimis claims," Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995).  Despite this level of screening at Step Two, Plaintiff still has the burden to show that their impairments or combination of impairments significantly limited his or her ability to perform work.

16.   As for Plaintiff's claimed fibromyalgia, SSR 12-2p requires a claimant provide evidence of fibromyalgia (or "FM") from the diagnosis of an acceptable medical source, with that diagnosis cannot be inconsistent with other record evidence, SSR 12-2p, 2012 WL 3104869 (July 25, 2012) (see No. 13-1, Def. Memo. at 16-17; No. 11-1, Pl. Memo. at 10).  That claimant must have a history of widespread pain and evidence of other disorders were excluded as cause and either at least eleven positive tender points

on examination that are found bilaterally and both above and below the waist (at particular locations identified in the Social Security Ruling) or repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occuring conditions (manifestations of fatigue, cognitive or memory problems, waking unfreshed, depression, anxiety disorder, or irritable bowel syndrome), SSR 12-2p, Section II.A., B., 2012 WL 3104869, at *2-3 (see No. 13-1, Def. Memo. at 17; No. 11-1, Pl. Memo. at 10).

17.    The ALJ found that Plaintiff's physician merely noted that there were "'numerous tender points' but there is no sufficient documentation of these tender points or other diagnostic criteria that satisfy Social Security Ruling 12-2p" (R. at 85).

18.    Plaintiff argues the ALJ disregarded his diagnosis of FM despite taking medication for that ailment, and examination findings of tender points (No. 11-1, Pl. Memo. at 10). The ALJ also failed to consider Section II.B. criteria of six or more FM symptoms (id. at 11). Plaintiff concludes that, under SSR 12-2p, the ALJ should have recontacted Plaintiff's physician when there was a lack of sufficient information to determine whether he had FM (id.), see Cooper v. Commissioner of Soc. Sec., No. 17CV1058, 2019 WL 1109573, at *4 (W.D.N.Y. Mar. 11, 2019) (Roemer, Mag. J.).

19.    Defendant retorts that Plaintiff had not established either SSR 12-2p criteria. As for Section II.A., Defendant contends that Plaintiff's doctors did not specify tender points to establish the existence of FM (Docket No. 13-1, Def. Memo. at 17). As for Section II.B., the ALJ considered manifestations of FM by declaring that Plaintiff lacked sufficient documentation of "other diagnostic criteria" (R. at 85) for FM under SSR 12-2p (id. at 18).

20. On Section II.A., the ALJ did not recontact Drs. Chaudhry and Ashtown or NP Betker to determine whether Plaintiff's FM met the criteria for SSR 12-2p. As found in Cooper, supra, 2019 WL 1109573, at *4, SSR 12-2p

> "directs an ALJ to take additional steps, such as recontacting the claimant's treating physicians, when the record lacks adequate information to determine whether the claimant has a medically determinable impairment of fibromyalgia. 2012 SSR LEXIS 1, at *4, 2012 WL 3104869, at *4. Thus, rather than reject Cooper's fibromyalgia as a medically determinable impairment due to insufficient evidence in the record, the ALJ should have recontacted Dr. Burns or one of Cooper's other physicians to determine whether Cooper's fibromyalgia satisfies the criteria set forth in SSR 12-2p, 2012 SSR LEXIS 1," id.

21. Similarly, the ALJ found the record was incomplete without recontacting medical practitioners about the number and location of Plaintiff's tender points. Thus, Plaintiff's motion for judgment is **granted**.

22. This error is not harmless, cf., e.g., Howard v. Comm'r, 203 F. Supp. 3d 282, 297 (W.D.N.Y. 2016) (Wolford, J.), because the ALJ did not factor in FM with Plaintiff's other impairments deemed to be severe at subsequent Steps and in finding Plaintiff's physical RFC.

23. The ALJ instead relied upon credibility findings of Plaintiff and the ALJ's conclusion that Plaintiff was not forthcoming about the duration of his general body pain since that pain was first mentioned to physicians in August 2015 while claiming that he endured that pain in years past (R. at 90). Defendant argues that the ALJ still considered Plaintiff's generalized pain complaints (No. 13-1, Def. Memo. at 19) but that consideration was in fact rejection of this ailment.

24. Regarding Section II.B., the ALJ did consider this standard and found that the record did not support meeting this impairment for deeming it to be severe at step two

(R. at 85). Given the disposition of Plaintiff's FM claim under Section II.A, the consideration of Section II.B. is of no moment.

25. Plaintiff next complains that the ALJ did not reconcile the substantial weight given to the opinion of Dr. Rosenberg (R. at 90), that Plaintiff had a slow, deliberate gait, he was diagnosed with FM, that his pain was in the range of 9 in a 0-10 pain scale, squatted only 30% because of global pain (R. at 485, 89), concluding that Plaintiff has moderate limitations (among other functions) for prolonged standing and walking, and had severe restrictions for activities requiring fine manipulation (R. at 487, 89-90), while rendering an RFC inconsistent with that opinion. The inconsistencies were with fine manipulation, walking, and standing limitations (R. at 487, 89-90).

26. Dr. Rosenberg found the standing limitation was due to moderate hip pain, leg pain, ankle pain, and back pain and myalgias in both arms and legs and fine manipulation restrictions due to hand tremors (R. at 487). All of these may be symptoms of FM that the ALJ dismissed as being not severe.

27. Finally, given the result herein and the remand regarding Plaintiff's physical impairments, this Court need not discuss the ALJ's consideration of his mental impairments. Remand also provides an opportunity to revisit the mental impairment findings.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this opinion.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:   July 7, 2020
         Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge